Seals, trustee, *vs.* Benson, for use.

When Palmer, being indebted to Benson, made a voluntary deed to certain land to Mrs. Seals, as trustee, and Benson subsequently obtained judgment and had execution levied on the land, and a claim was filed by Mrs. Seals, as trustee, but a consent verdict was taken, finding the land subject, and the original judgment against Palmer becoming dormant before the judgment in the claim case was enforced, it was revived by *scire facias* and the revived judgment levied on the land, and a claim again imposed by Mrs. Seals, as trustee; no new facts being shown by her in addition to what she showed on the first claim case, and it appearing that Palmer was in possession up to within two weeks of the trial of the last claim, it was not error to hold the land subject.

(a) It makes no difference whether the lien of the first judgment was lost when it became dormant, or when the lien of the revived judgment attached; the debt on which it was predicated still existed, and the deed being a voluntary one, the land was still subject to the debt Palmer owed before he made the deed.

May 4, 1888.

Voluntary deed. Debtor and creditor. Dormant judgment. Liens. Before Judge LUMPKIN. Wilkes superior court. November term, 1887.

This case was submitted to the court without a jury, on the following agreed statement of facts: On December 8, 1877, John T. Palmer conveyed to Mary Seals, as trustee for her children, the tract of land levied on. The deed was recorded February 7, 1878. At the time of its execution, Palmer owed Benson and others. Benson obtained judgment against him on March 4, 1879, and on the 29th thereafter the *fi. fa.* issuing therefrom was levied on the land named in the deed; and Mary Seals, as trustee for her children, interposed a claim. On November 6, 1879, the *fi. fa.* was transfered to S. R. Palmer. On November 7, a consent verdict and judgment were rendered, finding the property subject. S. R. Palmer took no steps to enforce his *fi. fa.*, and it became dormant. On March 14, 1887, it was revived by proper proceedings. The *fi. fa.* issuing thereon was subsequently levied on the land in question; and Mary Seals, as trustee, again interposed a claim. She returned the land for taxes and paid them from the time the deed was made to this last trial, and with her two children has lived on the place since the date of the deed. The defendant in *fi. fa.* also has lived on the same place since the same date, until within two or three weeks of the trial. The beneficiaries of the deed are both still minors.

The consideration of the deed is recited therein as love and affection for the children borne to the grantor by the grantee.

The court held the property subject; and this ruling is excepted to and assigned as error.

W. M. & M. P. REESE, for plaintiff in error.

Seals, trustee, *vs.* Benson, for use.

S. H. HARDEMAN, *contra.*

SIMMONS, Justice.

Under the facts of this case as disclosed by the official report, the court below did not err in holding that this land was subject to the execution. When Palmer conveyed the land to Mary Seals, as trustee for her children in December, 1877, he was indebted to Benson, on which indebtedness Benson subsequently recovered a judgment against Palmer. It makes no difference, in our opinion, whether the lien of the first judgment was lost when the judgment became dormant, or when the lien of the revived judgment attached; the debt on which it was predicated still existed. The deed from Palmer to Mrs. Seals, trustee, being a voluntary deed, the land was still subject to the debts Palmer owed before he made the deed. This was admitted by Mrs. Seals when she consented to a verdict subjecting the land to the original judgment; and if it was subject to the original judgment, we can see no reason why it would not be subject to the revived judgment under the state of facts as agreed upon by the parties and sent up in this record. The case now under review being between the same parties, and being the same debt, and the same land being levied on, we think the consent verdict in the first case, taken in connection with Palmer's possession up to within two weeks of the trial, is at least *prima facie* evidence that the land levied on under the revived judgment is subject to the payment of this debt. When she consented to the first verdict, it was an admission on her part that the land was subject, and that the deed she now relies on did not protect her. In this trial she showed no additional facts other than what she showed before, or which she could have shown. We think, therefore, that the judgment was right in holding the land subject, under this record.

Judgment affirmed.